No. 25745

**The People of the State of Colorado v. Kenneth R. Martineau**
(523 P.2d 126)

Decided June 10, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

Opinion by MR. JUSTICE LEE.

Appellant, Kenneth R. Martineau, was convicted by a jury in the district court of El Paso County of burglary and theft. We find no reversible error and therefore affirm the convictions.

Appellant's sole ground for reversal is the alleged error of the trial court in failing to grant his motion to suppress incriminating evidence, without which proof of his guilt would have been fatally deficient.

A burglary and theft of the D & S Saddle Shop at 16 East Cucharras in Colorado Springs occurred during the early

morning of April 7, 1972. While on routine patrol of the downtown area, at about 2:52 a.m., Officer Wayne Banks observed a plate-glass store window broken out of the D & S Saddle Shop. This store had been observed to be intact by another patrolman, James Dytri, approximately forty minutes earlier that morning. Officer Dytri had also noticed appellant at about 2:47 a.m., walking on the north side of the 100 block of Cucharras Street, about one block east of the saddle shop. At that time, Dytri was unaware of the break-in. After discovery of the break-in, a description of appellant was broadcast over the police radio. Dytri considered appellant might be a suspect in connection with the break-in.

The owner of the saddle shop was notified and he arrived at the store and made a cursory examination of the premises. His quick "once over" did not reveal that anything was missing. The broken window was then boarded up.

Appellant was later located at the Donut Whole, a nearby coffee shop. There he was contacted by Officer Dytri, who asked for his identification. Appellant produced a Social Security card and the inquiry was then terminated.

Later, at approximately 3:55 a.m., a pickup was radioed for a person walking southbound on Nevada Street. Officer Dytri's partner, Officer Huskey, observed a man walking south toward the courthouse. Huskey shined his spotlight on the man, whose identity was then unknown. The man ran across the courthouse grounds and was found hiding prone on the foot area of the top row of bandstand bleachers. He was then identified as Kenneth R. Martineau.

Dytri frisked appellant for weapons. He felt a bulge in appellant's left-front shirt pocket and removed two clear plastic cases which contained gold and silver belt buckles. These were identified as the property of the owner of the D & S Saddle Shop, and were shown to have been taken from a showcase in the store.

At trial, the stolen merchandise was introduced into evidence, without objection, other than a reservation by defense counsel that he was not waiving his right to argue a

motion concerning the chain of this evidence. No such motion was made or argued. Counsel did, however, at the conclusion of the People's evidence, move to suppress the belt buckles from the jury's consideration, contending the seizure was the product of an unlawful arrest and the evidence was therefore inadmissible.

The trial court disregarded the district attorney's protest that the motion to suppress was untimely. The court ruled on the merits of the motion, holding that the seizure was incidental to a valid arrest and that the evidence was therefore properly admissible.

■ Appellant here contends there was no probable cause for his arrest and that the seizure of the evidence was therefore unlawful. Although the trial court held the seizure to be incident to a valid arrest, as we view the undisputed evidence in this connection, the discovery of the stolen merchandise was the product of a lawful inquiry, during which a permissible protective frisk for weapons was made of appellant's person. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. In *Terry,* the Supreme Court recognized that "* * * [A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest. * * *"

■ In *People v. Navran,* 174 Colo. 222, 483 P.2d 228, this Court interpreted *Terry, supra,* to permit limited searches of a person for weapons during an investigative detention, where probable cause for arrest was lacking, under the following circumstances:

"* * * [W]e conclude that the authority to make a search without probable cause is limited in the following manner: There must be (a) some reason for the officer to confront the citizen in the first place, (b) something in the circumstances, including the citizen's reaction to the confrontation, must give the officer reason to suspect that the citizen may be armed and, thus, dangerous to the officer or others, and (c) the search must be limited to a frisk directed at discovery and appropriation of weapons and not at evidence in general."

■ In our view, all three of the aforementioned circumstances were present in this case. Appellant's flight from the officer's spotlight at 4 a.m., and his attempt to hide himself, coupled with the fact that when he was apprehended he was identified as having been in the vicinity of the earlier break-in of the saddle shop, justified a reasonable inference in the officer's mind that he might have been engaged in criminal conduct.

Appropriate to these circumstances is the observation of the Supreme Court in *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612, where the Court stated:

"* * * The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response. * * * A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. * * *"

Secondly, without knowing at the time precisely why the appellant had fled and attempted to hide himself, and reasonably suspecting that he might have been engaged in criminal conduct, it was reasonable for the officers to believe that they might be dealing with a potentially armed and dangerous person and therefore a protective search for weapons, authorized under *Terry, supra,* was appropriate.

Lastly, the search was limited to a frisk directed at the discovery and appropriation of weapons, and not to uncover evidence as such.

The evidence of crime having thus been lawfully uncovered, it was competent and admissible in evidence as relevant proof of the charges of which appellant was accused. Even though the court's ruling may have been incorrectly premised, the motion to suppress was properly denied.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.